UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PABLO MAGALLANES, | No. CV 12-3844-PLA |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on May 3, 2012, seeking review of the Commissioner's denial of his application for Disability Insurance Benefits. The parties filed Consents to proceed before the undersigned Magistrate Judge on June 4, 2012, and June 14, 2012. Pursuant to the Court's Order, the parties filed a Joint Stipulation on February 8, 2013, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

## II.

## BACKGROUND

Plaintiff was born on March 25, 1950. [Administrative Record ("AR") at 65.] He completed at least four years of college [AR at 124], and has past relevant work experience as an accounts receivable clerk. [AR at 122, 127.]

On July 11, 2008, plaintiff filed his application for Disability Insurance Benefits, alleging that he has been unable to work since January 7, 2007, due to polio, arthritis, osteoarthritis of the spine, and problems with his left leg, left ankle, and back. [AR at 65, 105-06, 120-26, 132-37.] After his application was denied initially, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 66-73.] Following a continuance, a hearing was held on April 9, 2010, at which time plaintiff appeared with counsel and testified on his own behalf. [AR at 28-55.] On April 27, 2010, the ALJ found plaintiff not disabled. [AR at 22-27.] On February 13, 2012, the Appeals Council denied plaintiff's request for review. [AR at 4-8.] This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court

must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

### A.     THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie

case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.     THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since July 2007.[1] [AR at 24.][2] At step two, the ALJ concluded that plaintiff has had the severe impairments of osteoarthritis of the lower back, as well as right lower extremity weakness, secondary to polio. [AR at 24-25.] At step three, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or equals any of the impairments in the Listing. The ALJ further found that plaintiff retains the residual functional capacity ("RFC")[3] to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a).[4] [AR at 25.] At step four, the ALJ concluded that plaintiff is capable of performing his past relevant work as an accounts receivable clerk. [AR at 26.] Accordingly, the ALJ found that plaintiff has not been under a disability from January 7, 2007, through April 27, 2010, the date of the decision. [AR at 26-27.]

---

[1] Plaintiff's alleged disability onset date is July 7, 2007, but the ALJ found -- based on plaintiff's testimony that he last worked in July 2007 for a temporary agency -- that plaintiff last worked in July 2007. [AR at 24.]

[2] The ALJ concluded that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2013. [AR at 24.]

[3] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

## V.

## THE ALJ'S DECISION

Plaintiff contends that the ALJ improperly: (1) evaluated the opinions of his treating physician, and (2) discounted plaintiff's credibility. [Joint Stipulation ("JS") at 3-8, 14-22, 27-28.] As set forth below, the Court agrees with plaintiff, in part, and remands the matter for further proceedings.

**PLAINTIFF'S SUBJECTIVE SYMPTOM TESTIMONY**

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if the claimant meets the first test, the ALJ may only reject the claimant's testimony about the severity of his symptoms upon (1) finding evidence affirmatively suggesting that the claimant was malingering, or (2) offering specific, clear and convincing reasons for doing so. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1999); see also Lingenfelter, 504 F.3d at 1036; Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also 20 C.F.R. §§ 404.1529(c), 416.929(c). If properly supported, the ALJ's credibility determination is entitled to "great deference." See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

In an Exertion Questionnaire that plaintiff completed on August 19, 2008 [AR at 117-19], and at the administrative hearing, plaintiff reported that he has difficulty walking because his legs

are weak, and that he uses a cane daily for support and balance. [AR at 50, 117, 119.] He stated that he seldom walks and when he does, it is only for short distances. He also stated and that when he stands for longer than an hour, he subsequently experiences pain in his back and in both legs. [AR at 117.] He testified that he also experiences pain when he sits for a long time, and that he has difficulty sitting through a church service. [AR at 49-50.] He further testified that his back "[is] the one that really ha[s] the pain." [AR at 46.] Plaintiff stated that in addition to "do[ing] more cleaning," he used to trim the yard, do the laundry, and shop for groceries, but that he no longer performs these activities due to his pain. [AR at 119.] Plaintiff reported that the cleaning he now does at home mainly consists of "sweeping [for] 10 min[utes]." [AR at 118.]

At step one of the two-step credibility analysis, the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." [AR at 26.] The ALJ nevertheless concluded that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC findings for plaintiff]." [Id.] Thus, at step two, as the record contains no evidence of malingering by plaintiff,[5] the ALJ was required to offer "specific, clear and convincing reasons" for rejecting his subjective symptom testimony. See Lingenfelter, 504 F.3d at 1036. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (quoting Lester, 81 F.3d at 834); see also Dodrill, 12 F.3d at 918.

The ALJ rejected plaintiff's credibility on the sole ground that "[t]here is a paucity of objective findings" such that "[t]he reported objective findings do not support [plaintiff's] alleged degree of impairment." [AR at 26.] This was not a legally adequate reason to reject plaintiff's subjective symptom testimony. Once a claimant has produced objective medical evidence of an impairment or impairments, he "need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof." Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996); see Johnson

---

[5] The ALJ made no finding that plaintiff was malingering, nor does the evidence suggest plaintiff was doing so.

6

1  v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) ("once an impairment is medically established, the
2  ALJ cannot require medical support to prove the severity of the pain").  The case law holding that
3  "[a] claimant need not produce objective medical evidence of the pain or fatigue itself, or the
4  severity thereof," reflects the rationale that "pain testimony may establish greater limitations than
5  can medical evidence alone."  Smolen, 80 F.3d at 1282 (internal citations omitted); Burch v.
6  Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) (citing Social Security Ruling[6] 96-7p).  The Ninth
7  Circuit has noted that "the nature of pain and other such symptoms" is "highly subjective and
8  idiosyncratic" such that "[t]he amount of pain [or fatigue] caused by a given physical impairment
9  can vary greatly from individual to individual."  Smolen, 80 F.3d at 1282 (internal citations omitted).
10  While an ALJ may consider whether a lack of objective medical evidence supports the degree of
11  limitation, this "cannot form the sole basis for discounting pain testimony."  Burch, 400 F.3d at 681.
12  Here, the ALJ did not give any other reasons to reject plaintiff's credibility.  Thus, even if his
13  characterization of the medical evidence were supported by substantial evidence, he cannot rely
14  solely upon this rationale to discount plaintiff's pain testimony.

15  The Commissioner contends that the ALJ's rejection of plaintiff's credibility was proper for
16  other reasons [JS at 24-26], but the ALJ did not provide any of those reasons to discount plaintiff's
17  credibility, and "[l]ong-standing principles of administrative law require [this Court] to review the
18  ALJ's decision based on the reasoning and factual findings offered by the ALJ -- not *post hoc*
19  rationalizations that attempt to intuit what the adjudicator may have been thinking."  Bray v.
20  Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing SEC v. Chenery
21  Corp., 332 U.S. 194, 196 (1947)).

22  The ALJ did not provide any legally adequate reason to reject plaintiff's credibility.  Remand
23  is warranted on this issue.[7]

---

25  [6]  Social Security Rulings ("SSR") do not have the force of law. Nevertheless, they
26  "constitute Social Security Administration interpretations of the statute it administers and of its
own regulations," and are given deference "unless they are plainly erroneous or inconsistent with
27  the Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

28  [7]  The Court exercises its discretion not to reach plaintiff's remaining contention of error.

## VI.

## **REMAND FOR FURTHER PROCEEDINGS**

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision.  See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to properly evaluate plaintiff's credibility.  The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: February 21, 2013

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE